Argued December 14, reversed and remanded December 30, 1960,
petition for rehearing denied January 24, 1961

# BONER v. MATTHEWS
### 358 P. 2d 285

*Wm. E. Walsh,* Coos Bay, argued the cause and filed briefs for appellant.

*Otto R. Skopil, Jr.,* Salem, argued the cause for respondent. With him on the brief was Bruce W. Williams, Salem.

Before McAllister, Chief Justice, and Warner, Sloan, O'Connell and Howell, Justices.

SLOAN, J.

This was an action for personal injuries sustained by plaintiff in an automobile accident. The jury found for defendant; plaintiff appeals. The one assignment of error concerns an instruction on contributory negligence. The issue is factual and simple.

The accident in question occurred near Coos Bay. Plaintiff was riding in the front seat of a car driven by her husband. Traffic conditions caused the husband to stop the car at an intersection. Another car stopped behind the car plaintiff was in. Defendant approached from the rear of the car then behind the car plaintiff was in and failed to stop. His car struck the car be-

hind the one plaintiff was in and that car then struck the back of the plaintiff's husband's car. She sustained injury.

■ There was some evidence that plaintiff's husband had been drinking. Because of that the court gave an extended instruction, in substance, permitting the jury to find contributory negligence on the part of plaintiff if they found she was riding with her husband knowing him to be under the influence of intoxicating liquor without remonstrance on her part. We are not concerned with the correctness of the instruction given. Assuming the evidence of intoxication was sufficient to take that issue to the jury, which we doubt, there was no evidence that the drinking was the proximate cause of this accident in the slightest degree. It was simply a case where the car in which plaintiff was riding had stopped for a legitimate purpose. There was no evidence that the car was stopped suddenly or erratically. It was only necessary for the jury to decide if there was any negligence on the part of defendant because of his failure to stop.

■ The instruction was timely excepted to. It is claimed that plaintiff waived the question when he failed to move to strike the issue from the answer at the close of the case. We do not think so. It would have been better practice for plaintiff to have moved to strike the allegation at the close of the evidence. At least, that would have prevented defendant from arguing the issue to the jury. However, that was not fatal. The important thing is that the exception taken gave the court ample opportunity to correct the error before the jury considered the case.

In *Mills v. Liquidators*, 1956, 206 Or 212, 218, 288 P2d 1060, we refused to consider an error alleged to have been caused by submitting an incorrect measure

of damages to the jury. There the party did not file motions to strike the allegations, nor "object to the evidence as introduced upon this issue, nor did the defendant object to the court instructing the jury * * *."

Defendant relies on *Arney v. City of North Bend*, 1959, 218 Or 471, 344 P2d 924. In that case, as in *Mills v. Liquidators*, the trial court was not given any opportunity to correct the error at any time during the trial. *Arney* is clearly distinguishable from the instant case. In addition, the motion for a new trial on this ground gave the trial court opportunity to correct the obvious error. The motion for a new trial should have been allowed.

Reversed, new trial ordered.