Argued April 2, reversed with instructions April 29, 1964

# CLARK *v.* AUTO WHOLESALE COMPANY, INC.
## 391 P. 2d 754

*Thomas J. Moore,* Hillsboro, argued the cause for appellant. On the briefs were Brink and Moore, Hillsboro.

*David W. Dardano,* Portland, argued the cause for respondent. With him on the brief was Charles R. Mowry.

Before MCALLISTER, Chief Justice, and PERRY, O'CONNELL, DENECKE and LUSK, Justices.

McALLISTER, C. J.

This is an action by plaintiff to recover compensatory and punitive damages on account of the conversion by the defendant of plaintiff's automobile. The jury awarded plaintiff both compensatory and punitive damages, and judgment was entered on the verdict. Thereafter the court entered an order eliminating the punitive damages from the judgment. From that order the plaintiff has appealed.

It is conceded in defendant's brief that the only question involved in the appeal is the validity of the order eliminating the punitive damages from the verdict. The validity of that order depends on whether it was entered within the time limited by statute.

At the close of the trial, after both sides had rested, defendant moved the court to withdraw from the jury the issue of punitive damages on the ground that the evidence was not sufficient to support a verdict for punitive damages. The judge decided to submit the issue to the jury, but stated in effect that if the jury returned a verdict for punitive damages he probably would not permit that part of the verdict to stand. The jury awarded plaintiff compensatory damages of $300 and punitive damages of $4,000, and judgment on the verdict was entered on January 23, 1963. Defendant timely filed a motion for a judgment in favor of the defendant on the issue of punitive damages notwithstanding the verdict for the plaintiff on that issue.

ORS 18.140 authorizing the entry of a judgment notwithstanding the verdict provides that the motion for such a judgment "shall be filed, heard and determined as provided in ORS 17.615." It is provided in ORS 17.615 that the "motion shall be heard and determined by the court within 55 days from the time

of the entry of judgment, and not thereafter, and if not so heard and determined within said time, the motion shall conclusively be deemed denied."

The court heard arguments on the motion for judgment n. o. v. and on January 31, 1963 advised counsel from the bench that he had decided to set aside the judgment for punitive damages, and requested counsel for the defendant to prepare an appropriate order. The order setting aside the award of punitive damages and reducing the judgment from $4,300 to $300 was not entered until March 22, 1963, or 58 days after the entry of the judgment. The order was signed by the trial judge and dated March 8, 1963, but there is no evidence concerning the whereabouts of the order prior to its entry by the clerk.

ORS 3.070[1] provides that orders and judgments "if signed other than in open court * * * shall be transmitted by the judge to the clerk of the court * * * and shall become effective from the date of filing." This court has uniformly held that an order not signed by the judge in open court is not effective until filed with the clerk. *Robinson v. Phegley,* 93 Or 299, 301, 177 P 942, 178 P 799, 182 P 373 (1919); *Neal v. Haight,* 187 Or 13, 26, 206 P2d 1197 (1949); *Reeder v. Marshall, Admix.,* 214 Or 154, 155, 328 P2d 773 (1958). In *Beardsley v. Hill,* 219 Or 440, 348 P2d 58 (1959), we held that a memorandum opinion of the trial judge was not an order, but that if it were

---

[1] ORS 3.070. "* * * If signed other than in open court, all such orders, findings, judgments and decrees issued, granted or rendered, other than orders not required to be filed and entered with the clerk before becoming effective, shall be transmitted by the judge to the clerk of the court within the county where the matters are pending. They shall be filed and entered upon receipt thereof and shall become effective from the date of filing."

treated as an order it would not have been effective to grant a new trial because not filed with the clerk within 55 days from the date of the judgment. We have also held that the requirement of ORS 17.615 that the motion must be "heard and determined within 55 days" is mandatory. *Ernst v. Logan Oldsmobile Co.*, 208 Or 449, 302 P2d 220 (1956).

We hold that since the order allowing defendant a judgment n. o. v. on the issue of punitive damages was entered more than 55 days from the entry of the original judgment it was void. The cause is reversed with instructions to reinstate the judgment on the verdict.