Argued May 10, reversed and remanded August 11, 1965

# CROW *v.* JUNIOR BOOTSHOPS OF PORTLAND

404 P. 2d 789

*Wesley A. Franklin,* Portland, argued the cause for appellant and cross-respondent. On the briefs were Franklin, Olsen, Bennett & Des Brisay, Portland.

*Thomas H. Tongue,* Portland, argued the cause for respondent and cross-appellant. With him on the briefs was Fred Duffy, Portland.

Before McALLISTER, Chief Justice, and PERRY, O'CONNELL, DENECKE and LUSK, Justices.

DENECKE, J.

Error was committed at the trial of this case. The only questions are whether defendant appealed in time, acquiesced in the error, or failed to properly preserve the claim of error for consideration upon appeal.

I

Plaintiff employee received a verdict against his employer for damages for personal injuries. These post-trial events occurred:

| | |
|---|---|
| March 20 | Judgment entered for plaintiff |
| March 27 | Defendant filed its motion for new trial and judgment notwithstanding the verdict |
| May 14 | Fifty-five days elapsed after entry of judgment |
| May 19 | Order granting new trial and denying motion for judgment notwithstanding verdict |
| June 12 | Notice of appeal by plaintiff |
| June 18 | Notice of cross-appeal by defendant |

If a motion for new trial and judgment notwithstanding the verdict is not granted within 55 days after the entry of judgment it is deemed denied. ORS 17.615. An order purportedly granting the motion entered

after 55 days is ineffective. *Clark v. Auto Wholesale Co., Inc.*, 237 Or 446, 391 P2d 754 (1964). The order granting the motion in this case was unauthorized and is set aside.

Defendant cross-appealed from the original judgment and its assignments of error are directed to trial rulings. Plaintiff contends that defendant's cross-appeal was not timely filed.

ORS 19.026 provides:

"(1) Except as provided in subsections (2) and (3) of this section, the notice of appeal shall be served and filed within 30 days after the entry of the judgment appealed from.

"(2) Where any party has served and filed a motion for a new trial or a motion for judgment notwithstanding the verdict, the notice of appeal of any party shall be served and filed within 30 days from the earlier of the following dates:

"(a) The date of entry of the order disposing of the motion.

"(b) The date on which the motion is deemed denied, as provided in ORS 17.615.

"(3) Any other party desiring to appeal may serve and file his notice of appeal within 10 days after the expiration of the time allowed by subsections (1) and (2) of this section."

Plaintiff contends that as the order purporting to grant a new trial was void, the last date on which defendant could file its appeal was 30 days after the order was deemed denied, i.e., June 14. However, subsection (3), above quoted, must be considered. Plaintiff contends that this has no application because the phrase "[a]ny other party" refers to some party other than the party filing the motion for new trial or judgment notwithstanding the verdict.

We do not so interpret the statute for, even

though no such motion is filed, the 10-day provision applies where more than one party appeals. "Any other party" means any other than the one who first appeals. A typical case is where the defendant files his appeal and the plaintiff then cross-appeals for the purpose of contesting a ruling which may have affected the amount of his judgment.

■■ Ordinarily, where a motion for a new trial is allowed the party against whom the decision is made is the only one who can appeal. If the motion is denied then the moving party may appeal from the judgment within 30 days from the date of the order. Cases may be conceived, however, in which both parties may appeal after the ruling on a motion for a new trial. For example, if the plaintiff recovers judgment on two causes of action and the defendant's motion for a new trial is allowed as to one cause of action and denied as to the other, the plaintiff may desire to appeal from that part of the order allowing the motion and the defendant from the judgment remaining undisturbed. In such a case subsection (3) would apply and if the plaintiff should file his notice of appeal first the defendant would have 10 days thereafter in which to file his appeal and, of course, the other way around.

■ The present case is unique and it is unlikely that such a case was in the minds of the framers of the statute. Here, the plaintiff must—or at least reasonably thinks that he must—appeal in order to get rid of an order setting aside his judgment, which order is void or voidable because entered after the motion for a new trial had been automatically denied by force of the statute under the 55-day provision. The defendant, not being able to appeal from the statutory

denial of his motion, must necessarily appeal from the judgment in order to protect his rights and, the plaintiff having first appealed, the case falls literally within the terms of subsection (3) of the statute. If there be doubt about whether the statute was intended to apply to such a case the doubt should be resolved in favor of the defendant under a liberal construction in favor of the right of appeal.

## II

The error committed by the trial court during trial was instructing the jury that contributory negligence was only to be considered in mitigation and failing to instruct that contributory negligence was a complete defense.

■ The complaint does not allege facts, nor were facts introduced in evidence, which would bring the case under the Employers' Liability Act or as one against an employer rejecting the Workmen's Compensation Act and thus invoke the law that contributory negligence is only in mitigation.

Plaintiff argues that the trial court announced at the beginning of the trial that the case was under the Employers' Liability Act and defendant agreed. This is not in the record and defendant does not stipulate that this occurred.

Plaintiff's attorney argued to the jury that contributory negligence was not a defense; no objection was made. Defendant's motions for nonsuit and directed verdict do not clearly indicate any position on contributory negligence; however, the court in ruling upon them indicated its belief that contributory negligence was not a bar; no comment was made by defendant to such remarks. The court's charge to the jury very specifically, and in detail, instructed them that

contributory negligence was not in bar, but only to be considered in mitigation. No exception was taken.

■ However, defendant requested, in writing, Number 11.01 of the Uniform Jury Instructions. This instruction is in essence that contributory negligence is a bar to recovery. It is not necessary to except to the court's failure to give a requested instruction. ORS 17.510. *Ira v. Columbia Food Co.*, 226 Or 566, 573, 360 P2d 622, 86 ALR2d 1378 (1961). Defendant assigned as error the trial court's failure to give the requested instruction.

■ We hold defendant did not acquiesce in the trial court's error. Defendant properly preserved its claim of error.

The situation is somewhat analogous to that in *Boner v. Mathews,* 225 Or 500, 358 P2d 285 (1961). There, plaintiff excepted to the trial court's instruction that if plaintiff was riding with her husband knowing him to be intoxicated, the jury could find her contributorily negligent. There was such an allegation of contributory negligence in the answer and at the end of the case plaintiff failed to move to strike such allegation and remove it from the consideration of the jury. This court held such contributory negligence could not have caused the injury and that the instruction should not have been given. It further held that plaintiff did not waive the claimed error by failing to move that the allegation be stricken. "The important thing is that the exception taken gave the court ample opportunity to correct the error before the jury considered the case." (225 Or at 502.) In the instant case the requested instruction gave the court opportunity to rule on the issue.

The case is reversed and remanded for a new trial.