Argued October 4, 1965, affirmed February 16, 1966

CHARCO, INC. *v.* COHN

411 P. 2d 264

*George M. Joseph,* Deputy District Attorney, Portland, argued the cause for appellant. With him on the briefs was George Van Hoomissen, District Attorney, Portland.

*Philip A. Levin,* Portland, argued the cause for respondent. With him on the brief were Pozzi, Levin & Wilson, Portland.

Before McALLISTER, Chief Justice, and PERRY, SLOAN, GOODWIN, DENECKE, HOLMAN and LUSK, Justices.

McALLISTER, C. J.

This case is a sequel to *Clark v. Auto Wholesale Co., Inc.*, 237 Or 446, 391 P2d 754 (1964). The defendant in that case, Auto Wholesale, is the plaintiff in this case, its name in the interim having been changed to Charco, Inc.

A brief resume of the facts and holding in the *Clark* case is necessary to an understanding of the issues in this case. In the prior case, Clark sued Auto Wholesale for converting his automobile and recovered a judgment for $300 compensatory damages and $4,000 punitive damages, which judgment was entered on January 23, 1963. The defendant, Auto Wholesale, timely filed a motion for a judgment in its favor on the issue of punitive damages notwithstanding the verdict for the plaintiff on that issue.

ORS 18.140 provides that a motion for judgment notwithstanding the verdict "shall be filed, heard and determined as provided in ORS 17.615." ORS 17.615 provides that the "motion shall be heard and determined by the court within 55 days from the time of the entry of judgment, and not thereafter, and if not so heard and determined within said time, the motion shall conclusively be deemed denied."

The judge heard arguments on the motion for judgment n.o.v. and on January 31, 1963 advised counsel from the bench that he had decided to set aside the judgment for punitive damages. He requested counsel for the defendant to prepare an appropriate order. An order dated March 8, 1963 setting aside the award of

punitive damages was signed by the trial judge, but was not entered until March 22, 1963, or 58 days after the entry of the judgment. The record contained no evidence concerning the whereabouts of the order prior to its entry by the clerk. For all we knew the trial judge might have intentionally retained the order on his desk while he pondered whether to file it with the clerk or to destroy it and leave the judgment in force; for all we knew the order was not filed with the clerk until immediately prior to its entry on March 22, 1963. We held that the order setting aside the award of punitive damages was void[1] because it was "entered" more than 55 days from the entry of the original judgment.

After our mandate affirming the judgment was entered in the court below, Auto Wholesale paid the judgment, including the award of punitive damages, and then brought this action against the county clerk, alleging that it was damaged by the negligence of the clerk in failing to promptly enter the order vacating the award of punitive damages.

In the present case, it is admitted in defendant's answer and also by stipulation, that the order dated March 8, 1963 was signed on that date and on or about the same date was "duly and properly" delivered for filing by the trial judge to the deputy county clerk assigned to his court, and, in any event, within the time limited by ORS 17.615. The court below found for the plaintiff, and defendant appeals.

Defendant alleges in his only assignment of error that the court erred as a matter of law in finding for

---

[1] Ernst v. Logan Oldsmobile Co., 208 Or 449, 302 P2d 220 (1956) holds that the requirement of ORS 17.615 that the "motion shall be heard and determined * * * within 55 days" is mandatory.

plaintiff in this action. He contends in substance that the handing by the judge of the March 8 order to the deputy clerk for filing was in legal effect a filing within the terms of ORS 3.070. It follows, according to defendant, that the judgment for punitive damages was in fact vacated, that plaintiff paid a vacated judgment, and has no right to recoup its loss from defendant. We agree that the order became effective upon its filing on March 8, but that does not decide this case. The issue here is whether the clerk was negligent in failing to enter the order until March 22, and whether that negligence was the cause of plaintiff's loss.

We digress to clarify our opinion in *Clark,* in which the author of this opinion unfortunately used the word "entered" when the word "filed" would have been more precise. In *Clark* we quoted that portion of ORS 3.070 which provides that orders and judgments "if signed other than in open court * * * shall be transmitted by the judge to the clerk of the court * * * and shall become effective from the date of filing." We then said that this court "has uniformly held that an order not signed by the judge in open court is not effective until filed with the clerk," citing cases.[2] It seemed clear to us that we were holding that as provided by ORS 3.070 the effective date of an order or judgment is the date of filing. Unfortunately, we closed the opinion with the statement that "since the order allowing defendant a judgment n.o.v. on the issue of punitive damages was entered more than 55 days from the entry of the original judgment it was

[2] Robinson v. Phegley, 93 Or 299, 301, 177 P 942, 178 P 799, 182 P 373 (1919); Neal v. Haight, 187 Or 13, 26, 206 P2d 1197 (1949); Reeder v. Marshall, Admix, 214 Or 154, 155, 328 P2d 773 (1958); Beardsley v. Hill, 219 Or 440, 348 P2d 58 (1959).

void." As we have pointed out in this opinion, as far as we could tell in the *Clark* case, the filing and entry of the order were concurrent, and in the context of that case the use of the word "entered" as a synonym for "filed" was immaterial.

In most cases the entry will follow the filing so closely that there will be no reason to differentiate between the two acts. As a consequence, the two terms are occasionally used interchangeably. In *Highway Com. v. Fisch-Or, Inc.,* 241 Or 412, 399 P2d 1011, 1012, on reh. 241 Or 412, 406 P2d 539 (1965), we said: "There is some doubt whether in the relevant statutes the 'filing' of a judgment is intended to mean the same as the 'entry' of a judgment." ORS 17.615, for example, provides that a motion for a new trial must be filed within ten days after the "filing" of the judgment sought to be set aside, and that the motion must be decided within 55 days from the "entry" of the judgment. Another example is found in ORS 3.070, where, referring *inter alia* to judgments and orders, it is said "[t]hey shall be filed and entered upon receipt thereof and shall become effective from the date of filing."

■■ We reaffirm our previous holdings that all "orders, findings, judgments and decrees" not signed in open court "shall become effective from the date of filing." Any other rule would make an order effective, not upon the will of the judge who made the order, but upon the whim of the clerk as to when it should be entered. As this court said at an early day,[9] "It would be a strange situation to place parties in, in courts of justice, to hold that they are at the pleasure or caprice of the clerk, as to whether they should have the benefit of orders and judgments made or given in their favor,

---

[9] Road Company v. Douglas Co., 5 Or 406, 410 (1875).

or not." As we held in *Fisch-Or,* filing is the delivery of the document to the clerk of the court with the intent that it be filed. See also, *Bade v. Hibberd,* 50 Or 501, 503, 93 P 364 (1908).

█ If the clerk had promptly entered the order signed by the judge on March 8, and delivered by him to the clerk on or about that date, the clerk's records would have shown that the judgment for punitive damages had been timely vacated and plaintiff would not have had to pay the judgment. We think there was evidence to support the finding of the trial judge that defendant was negligent in failing to promptly enter the order and that such negligence caused plaintiff's loss. See *Esselstyn v. Casteel et al,* 205 Or 344, 286 P2d 665, 288 P2d 214, 288 P2d 215 (1955), involving the liability of a county clerk for failure to promptly docket a judgment for alimony. Since contributory negligence was not pleaded as a defense, we need not consider whether plaintiff should have been more diligent in ascertaining when the order of March 8 was filed. It is also unnecessary to consider whether the trial court erred in setting aside the judgment for punitive damages since that question has not been raised in this case.

It follows that the judgment of the court below must be, and is affirmed.