526 P.2d 577 (1974)
Patsy HOLLAND, Appellant,
v.
SISTERS OF SAINT JOSEPH OF PEACE, an Oregon Corporation, Dba Sacred Heart Hospital, Defendant, John R. Seely, M.D., et al., Respondents.
Supreme Court of Oregon.
Argued and Submitted September 11, 1974.
Petition for Rehearing Allowed August 6, 1974.
Decided September 26, 1974.
Richard H. Williams, Portland, argued the cause for appellant on rehearing. With him on the brief were Robert E. Maloney, Jr., and Dezendorf, Spears, Lubersky & Campbell, Portland.
Richard Bryson, Eugene, argued the cause for respondents on rehearing. With him on the briefs were Bryson & Robert, Eugene, and Calkins & Calkins, Eugene.
Before O'CONNELL, C.J., and McALLISTER, HOLMAN, TONGUE, HOWELL, and SLOPER, JJ.
Argued and Submitted September 11, 1974 on Respondents' Petition for Rehearing Allowed August 6, 1974.
HOWELL, Justice.
The defendants have filed a petition for rehearing contending, inter alia, that we erred in our decision that Crow v. Junior Bootshops, 241 Or. 135, 404 P.2d 789 (1965), applied to the facts in the instant case. We granted the petition for rehearing.
In our original opinion we held that the trial court erred in instructing the jury that the duty of a physician to inform the patient of the risks involved and the alternatives available was to be tested by what a reasonably prudent and skillful physician, specializing in radiology, would have explained to the patient. Getchell v. Mansfield, 260 Or. 174, 489 P.2d 953 (1971).
*578 However, the plaintiff failed to except to the erroneous instruction. In her reply brief the plaintiff relied on Crow v. Junior Bootshops, supra, to support her position that the error was properly preserved although no exception was taken to the erroneous instruction. In their petition for rehearing, defendants argue that Crow is distinguishable from the instant case.
In Crow the trial judge gave an instruction to the effect that contributory negligence was not a bar to plaintiff's recovery but could be considered only in mitigation of damages. The instruction was clearly erroneous because at that time contributory negligence was a bar to recovery. No exception was taken, but defendant did request an instruction which properly stated the law that contributory negligence was a bar. On appeal defendant assigned as error the failure of the trial court to give the requested instruction, and we held that the error was properly preserved by the requested instruction.
The defendants claim, and we now agree, that the instant case is distinguishable from Crow. In Crow the effect of the requested instruction was to call the trial court's attention to the fact that the instruction given was erroneous and that contributory negligence was a defense to plaintiff's cause of action. In the instant case there was nothing in the requested instruction which clearly and directly called to the attention of the trial court that it was error to advise the jury that the physician's duty depended upon what a reasonably prudent physician would inform the patient.
The rule requiring an exception to an instruction as the means of preserving error is a salutary one, as the trial court by the exception is given the opportunity of correcting the alleged error and so advising the jury. The conclusion of the court in Crow that the error was properly preserved by a requested instruction instead of an exception to the instruction given should not be further extended, and we have decided that it should not be applied in the instant case. Because the plaintiff failed to except to the court's instruction we now conclude that the error is not properly before us and therefore the judgment must be affirmed.
Former opinion withdrawn.
Affirmed.
McALLISTER, Justice (concurring).
I concur in the result of the majority opinion, but believe we should not temporize with our opinion in Crow v. Junior Bootshops, 241 Or. 135, 404 P.2d 789 (1965), but recognize that it was improperly decided and overrule it. Our long-standing rule requiring a specific exception to an instruction given to the jury should be preserved intact. A rule requiring a trial judge to scrutinize each requested instruction and to treat each one as a potential exception to the instructions given will place an intolerable burden on the trial judges. It will permit counsel to conceal potential exceptions in a sheaf of requested instructions instead of requiring him to inform the court directly, precisely and openly of his objections to the instructions which have been given in his case.
SLOPER, J., concurs in this opinion.