Argued and submitted September 9, 2003, decision of the Court of Appeals affirmed; order of the circuit court vacated, and case remanded to the circuit court for further proceedings August 12, 2004

Randall L. RYERSE
and Diane K. Ryerse,
*Plaintiffs,*

*v.*

George A. HADDOCK
and Robert Keech Associates, Inc.,
an Oregon corporation,
*Defendants.*

George A. HADDOCK
and Catharine M. Luchini-Haddock,
aka Catharine Haddock,
*Petitioners on Review,*

*v.*

Randal Lorin RYERSE,
*Respondent on Review.*

(CCV 98-04-401, CCV 98-02-480;
CA A107447; SC S50180)

95 P3d 1120

Dean Heiling, Heiling Dwyer & Associates, Portland, argued the cause and filed the brief for petitioners on review.

Lisa E. Lear, Bullivant Houser Bailey PC, Portland, argued the cause and filed the brief for respondent on review. With her on the brief was Peter J. Viteznik, Bullivant Houser Bailey PC.

Before Carson, Chief Justice, and Gillette, Durham, Riggs, De Muniz, and Balmer, Justices.**

RIGGS, J.

---

** Kistler, J., did not participate in the consideration or decision of this case.

**RIGGS, J.**

In this case, we decide when a trial court "determine[s]" a motion to set aside a judgment and for a new trial pursuant to ORCP 64 F (1997).[1] The Court of Appeals concluded that, in the present case, the trial court did not "determine[ ]" the motion until the clerk entered the trial court's order in the register, and so the motion was deemed denied. *Ryerse v. Haddock*, 185 Or App 679, 60 P3d 1107 (2003). We allowed review and, for the following reasons, affirm the decision of the Court of Appeals.

The facts relevant to our decision are as follows. Ryerse and Haddock were involved in an automobile accident. Haddock and his wife sued Ryerse. At trial, the jury returned a verdict for Ryerse. The trial court entered a judgment for Ryerse on June 3, 1999, and the Haddocks moved for a new trial.

We pause at this point to clarify some of the procedural terminology relevant to the subsequent events in this case. After a judge signs a document, it may be "filed" with the clerk of the court. This court has defined "filed" as occurring "when [the] document is given to a clerk with the intention that it be filed." *Stull v. Hoke*, 326 Or 72, 78, 948 P2d 722 (1997) (brackets in original; internal quotation marks omitted). The document then will be "entered in the register" by the clerk, which refers to the formal entry of the document in the court's register as described in ORS 7.020.[2] *See also*

---

[1] ORCP 64 F (1997) provides, in part, that "[t]he motion [for a new trial] shall be heard and *determined* by the court within 55 days from the time of the entry of the judgment, and not thereafter, and if not so heard and *determined* within said time, the motion shall conclusively be deemed denied." (Emphasis added.)

ORCP 64 has been amended one time since 1997. Or Laws 2003, ch 194, § 12. That amendment does not affect the result here. Unless otherwise specified, all references to ORCP 64 are to the 1997 version.

[2] ORS 7.020 (1997) provided:

"The register is a record wherein the clerk or court administrator shall enter, by its title, every action, suit or proceeding commenced in, or transferred or appealed to, the court, according to the date of its commencement, transfer or appeal. Thereafter, the clerk or court administrator shall note therein all the following:

"(1) The date of any filing of any paper or process.

*Black's Law Dictionary* 554 (7th ed 1999) (defining "entry of judgment" as "[t]he ministerial recording of a court's final decision, usu[ally] by noting it in a judgment book or civil docket").

In the present case, on July 26, 1999, the fifty-third day after entry of the judgment in the register, the trial judge signed an order granting a new trial and sent the parties a letter explaining why. The trial judge filed the order with the clerk on July 27, 1999, the fifty-fourth day after entry of the judgment. However, the clerk did not enter the order in the register until August 2, 1999, the sixtieth day after entry of the judgment.[3]

Ryerse appealed the order granting a new trial. He contended (among other things) that the trial court was unable to grant a new trial because the motion had been deemed denied pursuant to ORCP 64 F. *See Nendel v. Meyers*, 162 Or 661, 663, 94 P2d 680 (1939) (interpreting statutory predecessor to ORCP 64 F; after 55-day period expired, court order purporting to grant motion for new trial was "null and void"). Under ORS 3.070 (1997), Ryerse noted, the order did not become effective until the date of entry in the register.[4] Because the clerk did not enter the order in the

---

"(2) The date of making, filing and entry of any order, judgment, ruling or other direction of the court in or concerning such action, suit or proceeding.

"(3) Any other information required by statute, court order or rule."

[3] On July 27, 1999, the trial court signed an amended order granting the motion for new trial. That order was not filed until August 2, 1999, and not entered until August 5, 1999. Because each of those events came after the corresponding events discussed in the text, they do not affect the result here.

[4] ORS 3.070 (1997) provides:

"Any judge of a circuit court in any judicial district may, in chambers, grant and sign defaults, judgments, decrees, interlocutory orders and provisional remedies, make findings and decide motions, demurrers and other like matters relating to any judicial business coming before the judge from any judicial district in which the judge has presided in such matters. The judge may hear, in chambers, contested motions, demurrers and other similar matters pending within the judicial district, at any location in the district designated under ORS 1.085. Upon stipulation of counsel, the judge may try and determine any issue in equity or in law where a jury has been waived and hear and decide motions, demurrers and other like matters, in chambers, at any location in the state where the judge may happen to be, relating to any judicial business coming before the judge from any judicial district in which the judge

register before the 55-day period ran, Ryerse argued, the trial court did not "determine[ ]" the motion, and the motion was denied by operation of law.

The Haddocks disagreed, contending that a trial court has "determined" a motion when it signs and files an order with the clerk. Because the trial judge signed and filed the order with the clerk before the 55 days ran, the Haddocks reasoned, the trial court timely had granted the motion for new trial.

The Court of Appeals agreed with Ryerse, vacated the trial court order granting the Haddocks a new trial, and remanded. *Ryerse*, 185 Or App at 685.

■■ As we explain below, at issue here is whether, when the legislature amended ORS 3.070 in 1991, the legislature intended the "entry" of the order at issue in the present case to be the act that makes the order effective and thus determined for purposes of ORCP 64 F. When interpreting statutes and the Oregon Rules of Civil Procedure, this court applies the familiar methodology of *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-11, 859 P2d 1143 (1993). *Mulier v. Johnson*, 332 Or 344, 349, 29 P3d 1104 (2001). Accordingly, we begin with those elements relevant to the text and context of the rule and statutes at issue. As part of our first level of analysis, we also consider "[p]rior cases interpreting predecessor enactments of the same statutes." *Stupek v. Wyle Laboratories Corp.*, 327 Or 433, 441, 963 P2d 678 (1998). *See also Crocker and Crocker*, 332 Or 42, 49, 22 P3d 759 (2001) (same).

---

has presided in such matters. The judge may exercise these powers as fully and effectively as though the motions, demurrers, matters or issues were granted, ordered, decided, heard and determined in open court in the county where they may be pending. *If signed other than in open court, all such orders*, findings, judgments and decrees issued, granted or rendered, other than orders not required to be filed and entered with the clerk before becoming effective, *shall be transmitted by the judge to the clerk of the court within the county where the matters are pending. They shall be filed and entered upon receipt thereof and shall become effective from the date of entry in the register*."

(Emphasis added.)

The legislature has amended ORS 3.070 one time since 1997. Or Laws 2003, ch 576, § 269. That amendment does not affect the result here. Unless otherwise noted, all references to ORS 3.070 are to the 1997 version.

We turn first to our prior cases and the context within which the legislature amended ORS 3.070 in 1991. The predecessor to ORCP 64 F is *former* ORS 17.615 (1977), *repealed by* Oregon Laws 1979, chapter 284, section 199.[5] Other than the insertion of "the" before "judgment," the final sentence of that statute is identical to ORCP 64 F. This court previously has addressed the meaning of "determine" in that sentence. In both *Clark v. Auto Wholesale Co., Inc.*, 237 Or 446, 391 P2d 754 (1964), and *Charco, Inc. v. Cohn*, 242 Or 566, 411 P2d 264 (1966), this court addressed whether a trial court timely determined a motion within the 55-day deadline in *former* ORS 17.615 (1963).[6] In both cases, this court equated the date that a trial court determined a motion for a new trial with the date that the trial court made an effective order under ORS 3.070. *Charco*, 242 Or at 569-70; *Clark*, 237 Or at 448-49. Thus, both cases necessarily (but implicitly) concluded that a trial court determines a motion for a new trial when it makes an effective order.

*Clark* and *Charco* settled the question of that aspect of the meaning of "determined" for purposes of *former* ORS 17.615, the predecessor to ORCP 64 F. Given the fact that *former* ORS 17.615 contained the same wording as ORCP 64 F, that context is dispositive here: A trial court determines a motion for a new trial pursuant to ORCP 64 F when it makes an effective order.

Still in accordance with *Clark* and *Charco*, we turn to ORS 3.070 to determine when this order became effective. From the time that this court decided *Clark* and *Charco* until 1991, ORS 3.070 provided, in part:

---

[5] *Former* ORS 17.615 (1977) provided:

"A motion to set aside a judgment and for a new trial, with the affidavits, if any, in support thereof, shall be filed within 10 days after the filing of the judgment sought to be set aside, or such further time as the court may allow. When the adverse party is entitled to oppose the motion by counteraffidavits, he shall file the same within 10 days after the filing of the motion, or such further time as the court may allow. *The motion shall be heard and determined by the court within 55 days from the time of the entry of judgment, and not thereafter, and if not so heard and determined within said time, the motion shall conclusively be deemed denied.*"

(Emphasis added.)

[6] The wording of *former* ORS 17.615 (1963) was the same as *former* ORS 17.615 (1977).

> "If signed other than in open court, all such orders, findings, judgments and decrees issued, granted or rendered, other than orders not required to be filed and entered with the clerk before becoming effective, shall be transmitted by the judge to the clerk of the court within the county where the matters are pending. They shall be filed and entered upon receipt thereof and *shall become effective from the date of filing.*"

ORS 3.070 (1989) (emphasis added). Pursuant to that version of ORS 3.070, the order ruling on the motion for a new trial in *Clark* and *Charco* was effective from the date of filing, and that was the date that this court used to calculate when the trial court had determined the motion for a new trial.

In 1980, however, the Council on Court Procedures promulgated ORCP 70 B(2), which governed when judgments would be effective.[7] ORCP 70 B(2) provided that, "[n]otwithstanding ORS 3.070 or any other rule or statute, for purposes of these rules, a judgment is effective only when entered in the register as provided in this rule." Therefore, although at the time ORS 3.070 included judgments in its list of out-of-court orders that would be effective from the date of filing, ORCP 70 B(2) created an exception to that statute.

The different methods for determining the effective date of a document in ORS 3.070 and ORCP 70 B(2) created the possibility for confusion. *See Kay v. David Douglas Sch. Dist. No. 40*, 303 Or 574, 579, 738 P2d 1389 (1987) (stating that out-of-court injunctive order would not result in effective judgment "until it was signed and entered according to ORCP 70 B"). In 1991, the legislature addressed that possibility by amending the last sentence of ORS 3.070 to provide that "[the documents described in the previous sentence] shall be filed and entered upon receipt thereof and *shall become effective from the date of entry in the register.*" Or Laws 1991, ch 111, § 1 (emphasis added).

We presume that the legislature amended ORS 3.070 in 1991 with knowledge of the implications that a change to that statute would have on the operation of ORCP

---

[7] The legislature repealed ORCP 70 in 2003, after the relevant events in this case. Or Laws 2003, ch 576, § 580. Unless otherwise noted, all references to ORCP 70 are to the 1997 version.

64 F. *See Weber and Weber*, 337 Or 55, 67-68, 91 P3d 706 (2004) (stating that court presumes legislature's awareness of existing law). As the text of the amendment indicates, the legislature clearly intended to make "entry in the register," not "filing," the effective date for certain documents. Thus, in light of *Clark* and *Charco*, the legislature's decision to change the effective date under ORS 3.070 to the date of entry in the register also altered the date on which an order would be determined for purposes of ORCP 64 F.

Here, the trial judge signed the order in question other than in open court, and the order became effective when entered in the register, the sixtieth day after entry of the judgment. Hence, the order did not determine the motion within the meaning of ORCP 64 F until after the 55-day period expired, and, as a result, the motion was deemed denied by operation of law. The Court of Appeals was correct in so holding.

None of the Haddocks' arguments alters that conclusion. The Haddocks point to other wording in ORS 3.070 that, they argue, makes a "clear distinction between 'determining' an issue and 'entering' an order in the register." The Haddocks further argue that interpreting "determined" in ORCP 64 F to mean "entered" would undermine the trial court's power under ORS 3.070 to "determine" an issue in chambers or in open court, because entry of the order would happen in a place other than in chambers or open court. Those arguments are unavailing because they fail to acknowledge the import of *Clark* and *Charco*—that a trial court determines a motion for a new trial when it makes an effective order—and the legislature's amendment to ORS 3.070 in 1991.

The decision of the Court of Appeals is affirmed. The order of the circuit court is vacated, and the case is remanded to the circuit court for further proceedings.