Submitted on briefs July 2, reversed July 23, 1958

REEDER ET AL v. MARSHALL, ADMINISTRATRIX

328 P. 2d 773

Robert R. Vagt, St. Helens, and Rhoten, Rhoten & Speerstra, Salem, for appellant.

Gardner and Reeder, Hillsboro, for respondent.

SLOAN, J.

This is an appeal from an order of the circuit court denying defendant's (appellant's) motion to set aside a default decree. Subsequent to the determination of the matter in the lower court both parties have died and appropriate orders of substitution entered herein.

The facts are simple. Plaintiff was the vendor and

defendant the vendee in a contract for the sale of real property in Columbia county. The defendant being in default, plaintiff filed a complaint seeking strict foreclosure of the contract in the circuit court of that county on February 3, 1955. The defendant was served with summons and complaint on February 8, 1955, in Multnomah county. No question is presented as to the regularity of the service. No answer, appearance or pleading was filed by defendant during the 20 days required of him by the summons and statute.

On or about March 28, 1955, plaintiff presented, by mail, a motion and order of default to Judge Howard K. Zimmerman, together with a decree of strict foreclosure. They were signed by the judge on that day but were not returned to plaintiff's counsel and filed with the clerk of Columbia county until April 14, 1955. In the meantime, on March 30, 1955, defendant filed an answer pleading a general denial.

Thereafter, defendant filed a motion to set aside the default decree under the provisions of ORS 18.160. This motion was heard by Judge Jack S. Bohannon on July 25, 1955. The court subsequently denied the motion and this appeal has been taken from that order. Various contentions are presented but only one need be considered.

■■ The order of default was ineffective until the date of filing, April 14, 1955. ORS 3.070. As above noted, defendant's answer was filed prior to that date. Although filed after the time specified in the summons, this constituted an appearance and the defendant was not, on the date the decree was entered, in default. *Reher v. Reed*, 166 Cal 525, 137 P 263; Ann Cas 1915C 737. In *Carlson v. Bankers Discount Corp. et al.*, 107 Or 686, 696, 215 P 986, the statement is made that an answer may be filed at any time prior to the date of

the entry of an order of default. See also 30A Am Jur 283, Judgments § 203; 3 Freeman on Judgments 5th ed 2648, § 1273; 24 Iowa Law Rev 148; *Gutierrez v. Romero*, 24 Ariz 382, 210 P 470. In the latter case the court quotes with approval the following statement in *Bowen v. Dickerson*, 18 Cal 420:

"* * * The whole proceedings were in fieri, and our opinion is that the court had absolute power either to retain the answer or to permit another to be filed, or to pursue whatever course in that respect the justice of the case required. A defendant cannot for these purposes be considered in default until his default has been actually entered in accordance with the statute."

More recent expression of the rule and its reason are found in 3 Bancroft's Code Pleading, Practice and Remedy, 10 year Sup, Pt VII, ch V, § 1804:

"Late cases reaffirm the rule that default for failure to appear cannot properly be entered when a general appearance is actually on file, although such appearance was not in fact made within the time limit fixed by the summons. Where a plaintiff, after the time expressly granted for filing a pleading has expired, suffers further time to elapse without taking any action thereon, he in effect grants further time to plead, with the result that a general appearance made before default entered is in time."

In addition this court has held on numerous occasions that a motion to vacate a judgment, and particularly when timely filed, is to be treated to best serve the ends of justice and preserve to a litigant his day in court. *Snyder v. Consolidated Highway Co.*, 157 Or 479, 484, 72 P2d 932; *Astoria Savings Bank v. Normand et al.*, 125 Or 347, 267 P 524; *Thompson v. Connell*, 31 Or 231, 48 P 467, and the numerous other cases cited in each of these.

It is our view, accordingly, that the holding of the lower court be reversed and the decree annulled.

The decree here attempted to be entered awarded to defendant no opportunity or time for redemption. In its reconsideration of this case we invite the trial court's attention to *Higinbotham v. Frock*, 48 Or 129, 132, 83 P 536, wherein it is stated: "An application for a strict foreclosure is always addressed to the sound discretion of the court, and when enforced at all will not be done without giving the defendant a reasonable time to comply with his contract; [citing cases]."

Reversed.