IN THE OREGON TAX COURT
MAGISTRATE DIVISION

Carlos MENKE
and Margaret Menke,
*Plaintiffs,*
*v.*

KLAMATH COUNTY ASSESSOR,
*Defendant.*
(TC-MD 000602F)

Plaintiffs did not appear at oral argument.

Carlos Menke, Plaintiff, filed the briefs *pro se*.

Reginald Davis, Klamath County Counsel, filed the brief and Don Ringgold, Klamath County Assessor's Office, argued the cause for Defendant (the county).

Decision for Defendant rendered November 29, 2000.

**SALLY L. KIMSEY, Magistrate.**

Plaintiffs' appeal concerns the 1999-2000 tax year. The property is listed as Account Number R386406 by the Klamath County Assessor.

## STATEMENT OF FACTS

A case management conference in the above-entitled case was held July 24, 2000. Carlos Menke appeared for Plaintiffs. Don Ringgold, of the assessor's office, appeared for Defendant. Plaintiffs claim that *"Property* taxes are unconstitutional, according to our 'unions Constitution, and the Peoples authority."[1] Further, they argue that "you are entitled to tax the allotted *'land'* only, Oregon Constitution." Plaintiffs filed their Complaint on April 19, 2000. Defendant did not file its Answer until June 8, 2000. On June 19, 2000, Plaintiffs filed some additional materials with the court, noting the late filing of Defendant's Answer. While not specifically asking for a default order, Plaintiffs did state that "their 'Due Process of law' has been violated." The court treated the filing as a Motion for Default and discussed it with the parties at the July 24, 2000, case management conference.

Also discussed at the case management conference was a briefing schedule and a date for oral argument. The parties agreed that Plaintiffs would submit any additional materials by September 7, 2000, and Defendant would submit its materials by September 28, 2000. The parties agreed to hold oral argument on October 25, 2000, at 9:00 a.m. The notice for the oral argument was mailed July 25, 2000. On July 26, 2000, the court mailed the parties a letter setting forth the dates agreed to by the parties at the case management conference. Neither of those mailings were returned as undeliverable. Defendant received the notice and letter.

---

[1] Unless otherwise noted, all emphasis, spelling, punctuation and/or parentheses is in the original quoted material.

Plaintiffs' materials were filed on August 9, 2000. Defendant's materials were filed August 25, 2000.

Plaintiffs do not contest the amount of valuation but, instead, contend Defendant may tax only the land, not the improvements. Plaintiffs also seek cancellation of the assessment as it relates to the improvements. Plaintiffs argue that during Oregon's Constitutional Convention of 1857, "[t]he representatives in Convention, never used the word Property, only Real Estate, and that was one time." Plaintiffs further argue that the Act of Congress admitting Oregon as a state allows only sections 16 and 36 of townships to be taxed. Plaintiffs state that they "reside on one of the allotted sections for school taxes, and we welcome the assessment of our *land*, and *land only.*"

Plaintiffs argue that the state seal of the state of Oregon "is *not* the Seal that was approved by convention representatives on Friday, the 18th of Sept. 1857[,] * * * [and] the People of Oregon have never elected to have their Seal altered or changed." Therefore, continues their argument, "[t]his Altered Corporate Seal in effect today, has no lawful Authority to impose taxes on the Peoples Property."[2] Without lawful authority, "[u]sing unconstitutional statutes (Oregon Revised Statutes) the corporation is committing theft and loss of Rights, that belong to the People of this state."

Defendant argues that the statutes in place are a proper exercise of the state's authority given it by the Oregon Constitution. Defendant further points out that the Oregon Constitution provisions relating to taxation are valid because "[t]he powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." US Const, Amend X.

## ANALYSIS

Plaintiffs did not appear for the scheduled oral argument. As noted above, however, they had ample opportunity to learn of the proceeding. The court will consider the merits

---

[2] Plaintiffs refer to the modern seal as the "Corporate Seal" presumably because they refer to Oregon as "a Corporation (doing business as 'State of Oregon') [that] has decieved and violated inalienable Rights of Oregons Citizens."

of Plaintiffs' arguments based on the written materials submitted.

*Plaintiffs' Motion for Default*

Defendant filed its Answer before Plaintiffs made their default request. The Oregon Supreme Court ruled on this very issue in *Reeder et al v. Marshall, Admix*, 214 Or 154, 328 P2d 773 (1958). The Court held that "[w]here a Plaintiff, after the time expressly granted for filing a pleading has expired, suffers further time to elapse without taking any action thereon, he in effect grants further time to plead, with the result that a general appearance made before default entered is in time." *Id.* at 156 (citation omitted). Because Defendant filed its Answer before Plaintiffs asked for a default, Defendant's Answer is considered timely.

*Validity of State Seal of Oregon*

■ Plaintiffs are correct in their assertion that the seal approved by the Constitutional Convention of 1857 differs from the modern seal. They are incorrect as to the validity of the modern seal. The Oregon Legislature adopted the modern seal in 1903. SB 143 (1903) (codified at Lord's Oregon Laws, v II, title XXIII, ch II, § 2615 (1910)). It set forth the Oregon State Seal in use today. The law provides:

> "The description of the seal of the State of Oregon shall be an escutcheon, supported by thirty-three stars, and divided by an ordinary, with the inscription, 'The Union.' In chief—mountains, an elk with branching antlers, a wagon, the Pacific Ocean, on which a British man-of-war departing, an American steamer arriving. The second—quartering with a sheaf, plow, and a pickax. Crest—the American eagle. Legend—State of Oregon, 1859."

*Id.*

To paraphrase Plaintiffs, the people of Oregon, acting through their elected representatives, the Legislature,

lawfully changed the state seal in 1903. The state seal currently in use has been consistently used since its adoption.[3] The laws enacted under the modern state seal are valid.[4]

*Taxability of Land and Improvements*

The Act of Congress admitting Oregon into the Union granted land to the state for a variety of purposes. Those purposes included land for schools, a public university, public buildings, and salt springs. *Act of Congress Admitting Oregon into the Union*, SB 239, 35th Cong, 11 Stat 383 (approved Feb 14, 1859), *reprinted in* Office of the Secretary of State, *Oregon Blue Book 1999-2000*, 351-52 (Tim Torgerson ed 1999); *also reprinted in The Oregon Constitution and Proceedings and Debates of the Constitutional Convention of 1857*, 512-13 (Charles Henry Carey ed 1927). The Act also granted 5 percent of the net proceeds of the sale of public lands for public roads and internal improvements. *Id.* The provisions mentioned above did not refer to the taxation of the land but to the uses of the land. When the land is not used for the specified purposes it is treated as any other privately owned land in the state. The only provision in the Act that referred to taxation stated that the state could not tax land owned by the federal government. *Id.*

■ Originally owned by the federal government, the subject property was granted to the state for the use of schools. (*See* Ptfs' Brief at 2 ("[w]e reside on one of the allotted sections for school taxes").) At some point in time the land was sold into private ownership. As privately owned land it is treated as any other privately owned land in the state and may be taxed accordingly. *Cf. Crawford v. Dept. of Rev.*, 14 OTR 554 (1999) (holding that a federal mining patent since sold into private ownership is no longer exempt from taxation).

---

[3] A variety of state seals were used prior to the 1903 adoption of the modern state seal. *See* F. H. Sayler, *Oregon Without a Seal of State*, 1 The Oregon Native Son 23 (May 1899). *See, e.g.,* Or Laws 1843-1903 (representing various state seals on the title pages).

[4] Because the court found the state seal lawfully changed, the court need not take a position on whether statutes changed under an inaccurate representation of the state seal would be valid.

■     The original framers of the Oregon Constitution exercised the power given them by the Tenth Amendment of the United States Constitution by drafting Article I, section 32, of the Oregon Constitution (amended 1917),[5] which provides that "[n]o tax or duty shall be imposed without the consent of the People, or their Representatives in the Legislative Assembly; and all taxation shall be equal and uniform."

■     The Legislative Assembly exercised the authority given to it by the Oregon Constitution by enacting ORS 307.030(1),[6] which states that "[a]ll real property within this state * * *, except as otherwise provided by law, shall be subject to assessment and taxation in equal and ratable proportion." Real property is defined as

"* * * the land itself, above or under water; **all buildings, structures, improvements**, machinery, equipment or fixtures **erected upon, above or affixed to the same**; all mines, minerals, quarries and trees in, under or upon the land; all water rights and water powers and all other rights and privileges in any wise appertaining to the land; and any estate, right, title or interest whatever in the land or real property, less than the fee simple."

ORS 307.010(1) (emphasis added).

ORS 308.210(1) requires that:

"The assessor shall proceed each year to assess the value of all taxable property within the county, except property that by law is to be otherwise assessed.[7] The assessor shall maintain a full and complete record of the assessment of the taxable property for each year as of January 1, at 1:00 a.m. of the assessment year, in the manner set forth in ORS 308.215. Such record shall constitute the assessment roll of the county for the year."

---

[5] The amended section is as follows: "[n]o tax or duty shall be imposed without the consent of the people or their representatives in the Legislative Assembly; and all taxation shall be uniform on the same class of subjects within the territorial limits of the authority levying the tax." Or Const, Art I, § 32.

[6] Unless otherwise noted, all references to Oregon Revised Statutes (ORS) are to 1999.

[7] An example of a property "otherwise assessed" is a centrally assessed utility. *See* ORS 308.515.

■      Defendant was directed by the operation of ORS 308.210 to assess the taxable property within the county. The taxable property includes "all real property within the state." ORS 307.030(1). Real property includes "all buildings, structures, improvements, * * * erected upon, above or affixed to the [land.]" ORS 307.010(1).

## CONCLUSION

For the reasons detailed above, the court finds that Defendant may impose property taxes on the subject property, including the improvements on the property.

IT IS THE DECISION OF THE COURT that Plaintiffs' appeal is denied.