Submitted on record and briefs June 5, reversed and remanded July 16, 2003

CITY OF SPRINGFIELD, OREGON,
*Respondent,*

*v.*

$1,645 IN UNITED STATES CURRENCY
and Macintosh Powerbook, G3, sn unknown,
*Defendants,*

*and*

TONY RAYMOND WALL,
*Appellant.*

16 01 15520; A119171

72 P3d 1064

Tony Raymond Wall filed the brief *pro se.*

No appearance for respondent.

Before Haselton, Presiding Judge, and Linder and Wollheim, Judges.

HASELTON, P. J.

**HASELTON, P. J.**

Claimant appeals from the judgment in this civil forfeiture proceeding. He contends that the trial court erroneously struck his claim and, subsequently, erroneously entered judgment. We reverse and remand.

The material facts are undisputed. In July 2001, police officers employed by plaintiff City of Springfield seized the subject property, which consisted of cash and a computer allegedly used to facilitate drug crime. Thereafter, claimant filed a notice of claim with plaintiff's forfeiture counsel.

In August 2001, plaintiff, through its forfeiture counsel, filed a civil forfeiture complaint, which was amended on April 11, 2002. On May 6, 2002, claimant was served with the amended complaint. On June 12, plaintiff filed a motion to strike claimant's claim on the ground that he had not filed an answer. On June 13, claimant filed various ORCP 21 motions against plaintiff's complaint.

The trial court decided plaintiff's motion to strike and claimant's Rule 21 motions concurrently. In an order dated July 18, 2002, the court denied claimant's Rule 21 motions without explanation; at the same time, the court denied plaintiff's motion to strike claimant's claim as "moot" because claimant's claim "was not on file with this court." Plaintiff subsequently sought reconsideration of the denial of its motion to strike, noting that ORS 475A.055 requires a claimant to file a claim only with the public entity's forfeiture counsel—which claimant had, in fact, done. The trial court granted reconsideration and allowed the motion to strike.

Finally, on August 2, the trial court entered a default judgment of forfeiture against the property. That judgment stated, in part:

"[Claimant] was duly served by personal service and by publication with notice of intent to forfeit defendants, and * * * said claimant has not filed a valid claim or otherwise appeared regarding this matter, and * * * the time provided therefore has expired[.]"

Claimant appeals, arguing that, contrary to the recitations underlying the default judgment, he had "filed a

valid claim" and had appeared in the forfeiture proceeding. As explained below, we agree.

■■ First, contrary to the trial court's predicate determination, claimant *had* filed a valid claim. As plaintiff's counsel noted in its motion for reconsideration, claimant was not (as the trial court apparently assumed) required to file his claim *with the court*—rather, it was sufficient that he had filed his claim with the city's forfeiture counsel pursuant to ORS 475A.055. *See* ORS 475A.055(3); ORS 475A.075(2)(a). Having done so, claimant was merely required to "respond as provided in the Oregon Rules of Civil Procedure." ORS 475A.075(2)(a).

Second, claimant did, in fact, appear and respond in the forfeiture proceedings. Claimant's filing of his ORCP 21 motions before the entry of default constituted a legally sufficient appearance. That is so notwithstanding that the filing did not occur within 30 days of service of plaintiff's amended complaint, as prescribed in ORCP 7 C(2). Thus, the trial court erred in subsequently entering the default based on claimant's purported failure to appear. *See Morrow Co. Sch. Dist. v. Oreg. Land and Water Co.*, 78 Or App 296, 301-02, 716 P2d 766 (1986) (although filed after the time permitted by ORCP 7 C(2), and while motion for default was pending, the defendant's motion to dismiss complaint precluded entry of default); *see also Reeder v. Marshall*, 214 Or 154, 155-56, 329 P2d 773 (1958) (an answer may be filed at anytime before the entry of a default order).

Reversed and remanded.