Argued and submitted April 11, general judgments and supplemental judgments
for costs and disbursements reversed September 3, 2008

Harvey RAMSUM,
dba Eagle's Cove Marina & RV,
*Plaintiff-Respondent,*

*v.*

Rick WOLDRIDGE
and all others,
*Defendant-Appellant.*

Multnomah County Circuit Court
06F014061; A133663 (Control)

Harvey RAMSUM,
dba Eagle's Cove Marina & RV,
*Plaintiff-Respondent,*

*v.*

David M. McCUNE
and all others,
*Defendant-Appellant.*

Multnomah County Circuit Court
06F014060; A133664

Harvey RAMSUM,
dba Eagle's Cove Marina & RV,
*Plaintiff-Respondent,*

*v.*

Clifford K. TREVILLYAN,
*Defendant-Appellant.*

Multnomah County Circuit Court
06F016147; A133665

192 P3d 851

Craig P. Colby argued the cause and filed the brief for appellants.

Mark L. Busch waived appearance for respondent.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Sercombe, Judge.

EDMONDS, P. J.

## EDMONDS, P. J.

Defendants lived on their sailboats at Eagle's Cove Marina, where they rented moorage slips from plaintiff, the owner of Eagle's Cove.[1] Plaintiff served defendants with 30-day eviction notices under ORS 91.070. When defendants refused to vacate the slips, plaintiff filed Forcible Entry and Detainer (FED) actions under ORS chapter 91 to evict them. At trial, defendants defended on the ground that ORS chapter 91 was inapplicable because their sailboats qualified as "floating homes" under the Residential Landlord and Tenant Act (RLTA) in ORS chapter 90. The trial court entered FED judgments in favor of plaintiff and supplemental judgments for costs and disbursements, concluding that the RLTA did not apply. The cases were consolidated for purposes of appeal. On defendants' appeal, we reverse for the reasons that follow.

The relevant facts are undisputed. Because the facts are undisputed, we review for error of law. Eagle's Cove Marina is primarily populated with boats and is advertised as a live-aboard community. Eagle's Cove consists of a walkway connected to a wooden dock, which provides moorage slips for approximately 78 boats. At each end of the dock, there are laundry, shower, and bathroom facilities. Each individual slip has a storage shed as well as electricity, water, and sewage hook-ups.

All defendants rented slips at Eagle's Cove on a month-to-month basis and lived on their sailboats, using them as their primary residences. Defendants attached their sailboats to the docks with ropes that are tied to dock cleats. The ropes are relatively easy to remove, and, according to defendant Woldridge, preparing to sail takes about 30 minutes. Defendant Woldridge sails his boat approximately 15 days out of the year. Defendant McCune's boat has never left its slip, and defendant Trevillyan has moved his boat only

---

[1] Although the property is named "Eagle's Cove Marina," neither party asserts on appeal that Eagle's Cove is a "marina" as defined in ORS 90.100(25), and we express no opinion on that issue. If defendants' sailboats were moored at a "marina," the rights and obligations of the parties are different than as described in this opinion. *See* ORS 90.100(11), ORS 90.100(25), ORS 90.120, ORS 90.427(5), and ORS 90.429.

once since moving to Eagle's Cove, when it was towed from one slip to another.

The RLTA requires that tenants be given 180 days' notice before eviction can occur from a tenancy involving a "floating home" under ORS 90.429.[2] In contrast, ORS 91.070 requires not less than 30 days' notice before an eviction can occur if a month-to-month tenancy does not involve a floating home.[3] In these cases, plaintiff gave only a 30-day notice of eviction. The trial court ruled that only a 30-day notice was required, reasoning,

> "I rule that the 30-day notice given by the Plaintiff to the Defendants pursuant to ORS 91.070 was valid and properly served. Further, I rule that the boats are 'boats' as defined by ORS 830.700(1) and are not 'floating homes' as defined under ORS 830.700(4) and Chapter 90. The Defendants' tenancies were month-to-month tenancies and the Plaintiff lawfully terminated the tenancies. The Plaintiff is entitled to an immediate judgement of restitution."

In a separate document, entitled "Findings of Fact," the trial court made the following undisputed findings:

> "15. Mark MacCune lives aboard his boat moored at Eagle's Cove Marina and RV and uses it as his primary residence.

---

[2] ORS 90.429 provides as follows:

"If a tenancy consists of rented space for a * * * floating home that is owned by the tenant, but the tenancy is not subject to ORS 90.505 to 90.840 because the space is not in a facility, the landlord may terminate a month-to-month tenancy without a cause specified in ORS 90.392, 90.394 or 90.396 only by delivering a written notice of termination to the tenant not less than 180 days before the termination date designated in that notice."

Additionally, ORS 90.100(11) provides that a " '[f]acility' means * * * a marina." As noted above, 222 Or App at 112 n 1, the parties do not contend that Eagle's Cove is a "marina" within the meaning of the RLTA.

[3] ORS 91.070 provides as follows:

"One who holds the lands or tenements of another, under the demise of the other, and no certain time has been mentioned, but a monthly rental has been reserved, is considered a tenant from month to month. Except as otherwise provided by statute or agreement, such tenancy may only be terminated by either the landlord or tenant giving the other, at any time during the tenancy, not less than 30 days' notice in writing prior to the date designated in the notice for the termination of the tenancy. The tenancy shall terminate on the date designated and without regard to the expiration of the period for which, by the terms of the tenancy and holding, rents are to be paid."

"16.  Rick Woldridge lives aboard his boat moored at Eagle's Cove Marina and RV and uses it as his primary residence.

"17.  Clifford Trevillyan lives aboard his boat moored at Eagle's Cove Marina and RV and uses it as his primary residence.

"18.  The boats of Mark MacCune, Rick Woldridge and Clifford Trevillyan are capable of being self-propelled and being used as a mode of transportation."

Additionally, the trial court ruled that defendants' sailboats are not floating homes, reasoning that the sailboats are not "structures":

"19.  Under applicable Oregon laws and statutes, the Defendants' boats are considered 'boats' and not 'manufactured homes' or 'floating homes.'

"20.  A 'boat' is a form of watercraft that is used or capable of being used as a means of transportation. ORS 830.700(1).

"21.  A 'floating home' is not capable of being used as a means of transportation. ORS 830.700(4).

"22.  The boats of Mark MacCune, Rick Woldridge and Clifford Trevillyan are not considered structures within the texts and contexts of the statutes.

"23.  ORS Chapter 91 * * * is the applicable law controlling in this case."

The trial court then entered general judgments in favor of plaintiff, but it stayed enforcement of those judgments, pending the outcome of this appeal. The trial court also entered supplemental judgments that denied plaintiff's request for attorney fees but awarded plaintiff costs and disbursements. While this appeal was pending, plaintiff sold Eagle's Cove, and the buyer has not been substituted as a party plaintiff.

■     The threshold issue is whether these cases are moot because plaintiff no longer owns Eagle's Cove. Our review of the record indicates that defendants remain liable for the supplemental judgments for costs and disbursements even though plaintiff no longer has any interest in evicting them. Because the judgments for costs and disbursements are still

in controversy and depend on a determination on the merits, we conclude that these cases are not moot. *See Bates v. Gordon*, 212 Or App 336, 341-42, 157 P3d 1219 (2007) ("Because the filing fee award is still in controversy and because the award depends on the correctness of the trial court's decision on the merits, thus having a practical effect on the rights of the parties, we conclude that the case is not moot.").

We turn to the merits. Essentially, defendants' assignments of error frame a single issue—whether their sailboats are "floating homes" within the contemplation of the RLTA. If the sailboats are "floating homes," then 30 days' notice was not sufficient to lawfully evict them without cause. The RLTA applies only to the rental of a "dwelling unit":

> "This chapter applies to, regulates and determines rights, obligations and remedies under a rental agreement, wherever made, for a *dwelling unit* located within this state."

ORS 90.115 (emphasis added). The definition of "dwelling unit" under the RLTA includes the rented moorage slip for a "floating home," but not the rented moorage slip for a "boat." A " '[d]welling unit' means a structure or the part of a structure that is used as a home, residence or sleeping place by one person who maintains a household or by two or more persons who maintain a common household." ORS 90.100(9). With reference to "moorage space for a floating home as defined in ORS 830.700," a "dwelling unit" "means the *space rented* and not the * * * *floating home itself*." ORS 90.100(9) (emphasis added). Thus, whether the spaces rented for the moorage of defendants' sailboats are subject to the RLTA depends on whether their sailboats are "floating homes" within the meaning of ORS 830.700.

ORS 830.700 provides definitions regarding how boats are titled and licensed under state law. For purposes of that statute, a " '[b]oat' means every description of watercraft used or capable of being used as a means of transportation on the water, but does not include * * * floating homes[.]" ORS 830.700(1). ORS 830.700(4) provides that a " '[f]loating home' means a moored structure that is secured to a pier or pilings and is used primarily as a domicile and not as a boat." ORS

830.700 does not define the word "structure." We therefore give it its ordinarily understood definition. *State v. Murray*, 340 Or 599, 604, 136 P3d 10 (2006) ("Absent a special definition, we ordinarily would resort to dictionary definitions, assuming that the legislature meant to use a word of common usage in its ordinary sense."). The word "structure" is defined as "**2a :** something constructed or built * * * **b :** something made up of more or less interdependent elements or parts **:** something having a definite or fixed pattern of organization * * *." *Webster's Third New Int'l Dictionary* 2267 (unabridged ed 2002).[4] We conclude, therefore, that defendants' sailboats are structures because they are "something constructed or built" and are "made up of more or less interdependent elements or parts * * * having a definite or fixed pattern of organization."

The final issue under ORS 830.700(4) in this case is whether defendants' sailboats are primarily used as their domiciles and not primarily used as boats.[5] The findings by the trial court (not contested by the parties) and the undisputed evidence that none of the defendants sails his boat more than 15 days a year establish that fact. *See* findings No. 15, 16, 17. It necessarily follows from the legislature's incorporation of ORS 830.700(4) into the RLTA and the trial court's findings, that the slips in which defendants' sailboats are moored are "dwelling units" for the purposes of the RLTA. Consequently, defendants are correct when they contend that 30 days' notice was not sufficient to lawfully evict them without cause, and it was error for the trial court to enter the FED judgments and the supplemental judgments for costs and disbursements.

General judgments and supplemental judgments for costs and disbursements reversed.

---

[4] Additionally, the word "boat" is defined as "a small vessel with or without a deck propelled by oars or paddles or by sail or power." *Webster's Third New Int'l Dictionary* 244 (unabridged ed 2002). And, "vessel" is defined as "**3 a :** a usu. hollow *structure* used on or in the water for purposes of navigation : a craft for navigation of the water[.]" *Id.* at 2547 (emphasis added).

[5] The trial court concluded that, under ORS 830.700(4), a " 'floating home' is not capable of being used as a means of transportation." Nothing in the text of the statute imposes such a limitation.