Submitted December 5, 2008, reversed and remanded September 9, 2009

Jonathan HART,
dba Hart of Oregon,
*Plaintiff-Respondent,*

*v.*

Pamela HILL,
*Defendant-Appellant.*

Multnomah County Circuit Court
06F014086; A133287

216 P3d 909

Harry Ainsworth filed the brief for appellant.

Jonathan Hart filed the brief *pro se.*

Before Haselton, Presiding Judge, and Armstrong, Judge, and Rosenblum, Judge.

HASELTON, P. J.

## HASELTON, P. J.

This appeal concerns plaintiff landlord's forcible entry and wrongful detainer (FED) action to recover possession of the premises that he rented to defendant. The trial court entered a general judgment by default against defendant for failure to file a timely answer, followed by an order denying defendant's motion to set aside that judgment. Defendant appeals the judgment, ORS 19.245(2)(b) (allowing a defendant to appeal a judgment by default if the trial court has denied a motion to set aside the judgment), and the order, ORS 19.205(3) (allowing appeals from orders that affect a substantial right and that are made after entry of a general judgment). The dispositive legal issue is whether the trial court erred in entering a judgment by default pursuant to ORCP 69 after defendant had filed her answer to plaintiff's complaint. We review for errors of law and reverse.

The facts are few and undisputed. On July 24, 2006, plaintiff filed a residential eviction complaint against defendant that requested a "judgment for possession of the premises, court costs and attorney fees" pursuant to ORS 90.255.[1] The complaint was served on defendant. Among other things, the summons specifically stated that, if defendant wanted a trial, she must (1) "[s]how up in court" on August 1 and (2) "[o]n the same day, file an Answer with the Court giving a legal reason why you should not be evicted * * *[.]"

On August 1, plaintiff, who was not represented by an attorney, defendant, and defendant's attorney appeared in court, and the case was scheduled for trial on August 22. Defendant did not, at that time, file an answer to plaintiff's complaint as required by the summons.

On August 21, the day before the scheduled trial, two significant events occurred. First, defendant filed an answer in which she raised two affirmative defenses, sought

---

[1] ORS 90.255, the attorney fee provision in the Residential Landlord and Tenant Act, provides:

"In any action on a rental agreement or arising under this chapter, reasonable attorney fees at trial and on appeal may be awarded to the prevailing party together with costs and necessary disbursements, notwithstanding any agreement to the contrary. As used in this section, 'prevailing party' means the party in whose favor final judgment is rendered."

the dismissal of the complaint, and requested costs and disbursements and attorney fees pursuant to ORS 90.255. Second, the trial court entered a general judgment by default against defendant for failure to file a timely answer that awarded plaintiff "restitution of the * * * premises *plus judgment against defendant for costs and disbursements.*"[2] (Emphasis added.)

Thereafter, defendant filed a motion to set aside the judgment pursuant to ORCP 71 B or C because it "is void or was improperly granted." After a hearing, the trial court entered an order denying that motion. Defendant appealed.

Defendant's primary contention on appeal, and the one embodied in her first assignment of error, is that the trial court erred in entering a judgment by default pursuant to ORCP 69 after she had filed her answer. Plaintiff remonstrates that, because defendant's answer was untimely—that is, because it was not filed on August 1 as required in the summons—the trial court correctly entered a default judgment against defendant.[3] As we explain below, we agree with defendant.

ORS 105.130(1) provides that, unless otherwise specified, FED actions "shall be conducted in all respects as

---

[2] The trial court case register notes the entry of the judgment on August 21 before noting the entry of the answer. However, the date stamp on the answer indicates that the document was filed at 8:24 a.m., and the date stamp on the general judgment indicates that it was not filed until 10:48 a.m. Moreover, in his brief, plaintiff acknowledges that defendant filed her answer "only minutes before the default hearing."

[3] Plaintiff also contends that the appeal is moot. According to plaintiff, "[s]hortly after the trial court entered its Judgment of Restitution in this matter, [defendant] moved out"; thus, defendant "has no interest in retaining (or regaining) possession of the premises, and the purpose of the FED has been served." Even if possession of the premises is no longer an issue, our resolution of the issue on appeal will have a practical effect on defendant's obligation to pay plaintiff's costs and disbursements as provided in the judgment. *See Ramsum v. Woldridge,* 222 Or App 109, 114-15, 192 P3d 851 (2008) (holding that the FED actions were not moot, because, even though the plaintiff no longer owned the moorage slips at issue and no longer had any interest in evicting the defendants, the defendants remained liable for supplemental judgments for costs and disbursements and those judgments "[were] still in controversy and depend[ed] on a determination on the merits"); *see also Bates v. Gordon,* 212 Or App 336, 341-42, 157 P3d 1219 (2007) ("Because the filing fee award is still in controversy and because the award depends on the correctness of the trial court's decision on the merits, thus having a practical effect on the rights of the parties, we conclude that the case is not moot.").

other actions in courts of this state." Because there is no specific provision of the FED statutes that concerns the entry of default orders and judgments under the circumstances of this case, the trial court's entry of such a judgment is governed by ORCP 69.[4]

As pertinent here, a court has authority pursuant to ORCP 69 to enter a default order and the resulting judgment by default when the party against whom a default is sought has failed to plead.[5] In this case, although defendant's pleading—that is, her answer—was untimely, it was filed before the trial court rendered its default judgment. *See City of Springfield v. $1,645*, 188 Or App 602, 605, 72 P3d 1064 (2003) (reversing a default judgment of forfeiture where untimely ORCP 21 motions were filed before entry of default for failure to appear); *Morrow Co. Sch. Dist. v. Oreg. Land and Water Co.*, 78 Or App 296, 301-02, 716 P2d 766 (1986) (reversing a judgment by default where a motion to dismiss was filed while a motion for default was pending); *see also Reeder et al v. Marshall, Admix.*, 214 Or 154, 155-56, 328 P2d 773 (1958) (reasoning that an answer may be filed at any time before the entry of an order of default). For that reason, the trial court erred in entering a judgment by default in this case.[6]

---

[4] ORS 105.137(1) provides for the entry of a default judgment if the defendant fails to appear at the first appearance. Because defendant appeared at the August 1 hearing when the case was set for trial, that statute is inapplicable to this case.

[5] ORCP 69 A provides, in part, that,

"[w]hen a party against whom a judgment for affirmative relief is sought has been served with summons pursuant to Rule 7 or is otherwise subject to the jurisdiction of the court and has failed to plead or otherwise defend as provided in these rules, the party seeking affirmative relief may apply for an order of default."

ORCP 69 B(2) provides that a party must apply to the court for a judgment by default.

The entry of an order of default and the entry of a judgment by default are two separate legal events. *SAIF v. Harris*, 161 Or App 1, 6, 983 P2d 1066, *rev den*, 329 Or 527 (1999). An order of default establishes the truth of the factual allegations in the complaint, and the judgment adjudicates "that the pleadings against the defaulting party constitute a claim for relief." *Id.* In this case, the record does not indicate that the trial court entered a separate order of default. The parties, however, do not contend that the court's failure to do so affects our review of the issues presented on appeal. Thus, we treat the judgment in this case as also embodying that predicate order.

[6] In light of our disposition, we need not address defendant's remaining assignments of error concerning whether a default judgment may be entered without

The trial court in this case expressed prudential concerns about allowing attorneys to file untimely answers in FED actions so as to prevent the entry of a judgment by default. Specifically, the trial court stated, in part:

> "I can tell you that if I allow a practice where the attorneys are allowed to file their Answer the day before trial, that's what the norm is going to be, and that is not what this process is intended to do.
>
> "* * * * *
>
> "* * * [I]f I opened up the floodgates to letting the attorneys, in effect, wait until, in this case, basically the day before trial before filing their Answer, rightly or wrongly, whether it's done by design or mistake or whatever the reason is, we're going to have all kinds of problems with people requesting setovers in an arena where we have to have trials within 15 days. And it's not like the general trial docket where if things don't come to trial for a year and there's all kinds of time for different pleadings and motions and things like that."

Although we acknowledge the importance of the trial court's practical concerns, as the court noted in *Reeder et al*, the reason underlying the rule that an answer may be filed at any time before the entry of an order of default is that, "[w]here a plaintiff, after the time expressly granted for filing a pleading has expired, suffers further time to elapse without taking any action thereon, he in effect grants further time to plead, with the result that a general appearance made before default entered is in time." 214 Or at 156 (internal quotation marks omitted). Here, plaintiff suffered further time to elapse by failing to promptly move for a default with appropriate notice upon defendant's failure to file an answer on August 1; thus, nothing extinguished defendant's opportunity to file her answer. Moreover, we do not understand that the answer was stricken because it was untimely. In sum, because defendant's untimely answer was filed before the

requiring compliance with various rules of civil procedure as well as a supplemental trial court rule and whether the trial court erred in denying her motion to set aside the judgment.

trial court rendered the judgment, the trial court erred in entering the judgment by default in this case.

Reversed and remanded.