Argued and submitted September 8, 2014, reversed and remanded
February 3, 2016

Jim WONG,
*Plaintiff-Respondent,*

*v.*

Stephanie GITTINGS,
*Defendant-Appellant.*

Washington County Circuit Court
C122473EV; A152837

367 P3d 531

Harry D. Ainsworth argued the cause and filed the brief for appellant.

Geoffrey B. Silverman argued the cause for respondent. With him on the brief was The Law Office of Geoffrey B. Silverman, LLC.

Before Duncan, Presiding Judge, and Lagesen, Judge, and Edmonds, Senior Judge.

DUNCAN, P. J.

## DUNCAN, P. J.

In this forcible entry and detainer (FED) action, defendant appeals a judgment granting restitution of the premises to plaintiff. Defendant also appeals an order denying her motion to quash the subsequent writ of execution. She argues that the trial court erroneously granted restitution to plaintiff as a sanction for filing a late answer to the FED complaint and then compounded the error by denying her motion to quash execution while the restitution judgment had been stayed pending appeal. For the reasons that follow, we agree with defendant that the late filing of an answer does not automatically result in restitution of the premises to a plaintiff in an FED action, and we reverse and remand the restitution judgment. We do not reach defendant's contentions regarding the motion to quash, which are now moot.[1]

The relevant facts for purposes of this appeal are undisputed and relate to the procedural history of the case. Plaintiff, who was defendant's landlord, gave defendant notice to vacate the premises for nonpayment of rent. Plaintiff then filed and served defendant with an FED complaint. The summons directed defendant to appear at the Washington County Courthouse on October 8, 2012. *See* ORS 105.135 (describing the process for service of summons in FED cases, including the court clerk setting a "first appearance date").

Both plaintiff and defendant appeared at the courthouse for a hearing on October 8. The court gave the parties, who were both *pro se*, an opportunity to settle their dispute, but they were unable to reach an agreement. At that point, the trial court stated, "All right, [defendant] you have to have your answer filed by 5 o'clock p.m. today." The court also entered a written order to that effect, which stated, "Answer to be filed by 5:00 p.m. today[;] trial set for 10-26-12

---

[1] Defendant argues that the order denying the motion to quash the writ is appealable under ORS 19.205 because it affects a "substantial right." *See* ORS 19.205(3) ("An order that is made in the action after a general judgment is entered and that affects a substantial right, including an order granting a new trial, may be appealed in the same manner as provided in this chapter for judgments."). Because the assignment of error concerning the writ of execution is moot in any event, we do not address whether the order is, in fact, appealable.

at 1:30 p.m. Plaintiff to pay trial fee." Defendant filed her answer the following day, missing the 5:00 p.m. deadline.

On October 26, the parties appeared for trial, both now represented by counsel. Plaintiff began by raising a "preliminary" matter—the missed deadline for filing the answer. Plaintiff requested a judgment of restitution on the ground that "[i]t doesn't appear that the answer was filed as ordered on the day of the first appearance." In support of that request, plaintiff cited Washington County Supplemental Local Rule 18.010, which provides:

"In Forcible Entry and Detainer cases * * * that go to trial, the Defendant must file an Answer and pay the filing fee, unless deferred or waived, by 5:00 p.m. the day of the first appearance. If they do not, the Plaintiff may request, and will be granted, in those respective actions, a Judgment of Restitution * * *, effective immediately."

Defendant disputed plaintiff's contention that the late answer was a basis for a default restitution judgment. She explained that, although she had not filed the answer on the date of the first appearance, plaintiff had not sought an order of default until the day of trial—17 days after defendant's answer had been filed. For that reason, defendant argued that she was entitled to proceed to trial on her answer.

The trial court granted plaintiff's motion. The court observed that defendant had been before the FED court frequently and knew that an answer needed to be filed on the day of the first appearance. The court stated, "I don't find good cause to allow an extension from the time it would have had to have been filed, which was October 8th to the October 9th date, when it was actually filed. So based on that, I will grant the plaintiff's motion for default, and that would mean that we would not be proceeding to trial, and I would sign an order to that effect." The court then entered a judgment granting immediate restitution of the premises to plaintiff.

Defendant appealed the restitution judgment and filed a supersedeas undertaking pursuant to ORS 19.335 to stay execution of the judgment pending her appeal. However, on February 5, 2013, this court issued an order on its own motion dismissing the appeal for lack of prosecution,

because defendant had not served and filed the transcript. Defendant sought reconsideration of that ruling within 14 days of the decision, as allowed by ORAP 6.25(2). On reconsideration, this court, on February 27, 2013, reinstated the appeal after concluding that defendant was not at fault for the delay, which had resulted from the trial court's failure to assign a transcriptionist.

The temporary dismissal of the appeal had permanent ramifications with respect to physical possession of the premises. In the interim between the order of dismissal and the order reinstating the appeal, plaintiff sought a writ of execution from the trial court, which the court clerk issued on February 8, 2013. The sheriff served the writ three days later, returning physical possession of the premises to plaintiff. Defendant later moved to quash the writ and asked the court to order plaintiff to return physical possession of the premises to defendant, arguing that the writ had violated the stay. The court denied the motion, concluding that the writ had been properly executed but that, in any event, the issue was moot because defendant's lease term had expired and she no longer had any entitlement to possession of the premises.

Defendant subsequently filed an amended notice of appeal, seeking review of the court's order on the motion to quash. Coupled with the reinstated appeal of the underlying judgment of restitution, there are now two rulings before us on appeal, each of which is the subject of a separate assignment of error. In defendant's first assignment, she argues that the trial court erroneously granted judgment as a "sanction for her failure to file an answer by 5 p.m. on the day of First Appearance." In her second assignment, defendant contends that the trial court erred in denying her motion to quash the writ of execution. We address those assignments in turn.

We start with the court's ruling granting plaintiff's motion for a default judgment as a consequence of noncompliance with the 5:00 p.m. deadline for filing an answer. According to defendant, a late filing is not equivalent to default under the FED statutory scheme—something we previously recognized in *Hart v. Hill*, 230 Or App 612, 216 P3d 909 (2009); furthermore, defendant argues that the court's local rule, SLR 18.010, is not "an independent basis

upon which the court could treat defendant's answer as a nullity."[2] We review the court's default ruling, which is predicated on an interpretation of statutes and a court rule, for errors of law. *See Hart*, 230 Or App at 614 (reviewing for errors of law under similar circumstances).

Initially, we observe that our decision in this case is controlled, as defendant points out, by our decision in *Hart*. In that case, we held that the FED statutory scheme does not address the subject of default for filing a late answer and that, consequently, ORCP 69 governs. The defendant in *Hart*, like the defendant in this case, appeared in court on the first appearance date, but she did not file an answer on that same day. Instead, she filed her answer on the day before the scheduled trial date. Later that same day, the trial court entered a judgment by default against her for "failure to file a timely answer" and awarded possession of the premises to the plaintiff. *Id.* at 615.

On appeal, the defendant in *Hart* argued that "the trial court erred in entering a judgment by default pursuant to ORCP 69 after she had filed her answer." *Id.* at 615. The plaintiff, meanwhile, argued that, "because defendant's answer was untimely—that is, because it was not filed on August 1 as required in the summons—the trial court correctly entered a default judgment against defendant." *Id.* To resolve that dispute, we first explained that ORCP 69 was, in fact, the applicable rule:

> "ORS 105.130(1) provides that, unless otherwise specified, FED actions 'shall be conducted in all respects as other actions in courts of this state.' *Because there is no specific provision of the FED statutes that concerns the entry of default orders and judgments under the circumstances of this case, the trial court's entry of such a judgment is governed by ORCP 69.*"

*Id.* at 615-16 (emphasis added).

---

[2] ORS 19.245 provides that a party to a judgment for "want of an answer" can appeal only in limited circumstances, including "if the trial court has entered a default judgment against the defendant as a sanction or has denied a motion to set aside a default order or judgment." The parties understand the court's ruling as a sanction for filing the answer after the day of the first appearance. In light of the colloquy at trial, and under the unique circumstances of this case, we agree with that characterization and conclude that the judgment is appealable.

We then explained that, under ORCP 69, a court has authority to enter an order of default and resulting judgment when the party against whom a default is sought has failed to plead—a circumstance that was not present in *Hart*: "In [*Hart*], although [the] defendant's pleading—that is, her answer—was untimely, it was filed before the trial court rendered its default judgment." *Id.* at 616. Thus, we concluded that, "because [the] defendant's untimely answer was filed before the trial court rendered the judgment, the trial court erred in entering the judgment by default in this case." *Id.* at 617-18.

In reaching the conclusion that ORCP 69 applied, we expressly considered the fact that the FED statutes contemplate an expedited process. The trial court in *Hart* had expressed concern that, by allowing untimely filings, the court would "'have all kinds of problems with people requesting setovers in an arena where we have to have trials within 15 days.'" *Id.* at 617. We explained:

> "Although we acknowledge the importance of the trial court's practical concerns, * * * the reason underlying the rule that an answer may be filed at any time before the entry of an order of default is that, '[w]here a plaintiff, after the time expressly granted for filing a pleading has expired, suffers further time to elapse without taking any action thereon, he in effect grants further time to plead, with the result that a general appearance made before default entered is in time.' [*Reeder et al v. Marshall, Admix.*, 214 Or 154, 156, 328 P2d 773 (1958)] (internal quotation marks omitted). Here, plaintiff suffered further time to elapse by failing to promptly move for a default with appropriate notice upon defendant's failure to file an answer on August 1; thus, nothing extinguished defendant's opportunity to file her answer."

230 Or App at 617.

In light of our decision in *Hart*, plaintiff was not entitled to a judgment of default at the time that the trial court entered the restitution judgment. It is undisputed that, before the court entered that judgment—in fact, well before plaintiff even *requested* a judgment based on default—defendant had filed her answer. Applying *Hart*, entry of a default judgment under those circumstances is error. The

only question, then, is whether the rule in *Hart* is somehow inapplicable in this case.

Plaintiff argues that *Hart* is not controlling for two overlapping reasons. First, plaintiff attempts to distinguish *Hart* on the ground that the plaintiff in that case "simply relied on the summons as supplying the requirement that the answer be filed on the day of the first appearance," whereas "[h]ere, plaintiff not only relies on the summons, but also relies on the court order requiring defendant to file her answer in time, SLR 18.010 and ORS 105.137(7)." Plaintiff contends that, unlike the plaintiff in *Hart*, he did not "suffer[] further time to elapse by failing to promptly move for a default," 230 Or App at 619, because "defendant's opportunity to file her answer and right to proceed to trial was *automatically extinguished* by the statute, SLR, and court order." (Emphasis added.) Second, and relatedly, plaintiff argues that "ORS 105.137(7) alters the procedure in ORCP 69 regarding the late filing of an answer in an FED proceeding"—an argument that is, in effect, a claim that *Hart* was wrongly decided. We are not persuaded by those arguments.

To start, ORS 105.137(7) is not a basis upon which to distinguish or overrule *Hart*. ORS 105.137(7)(a) provides that the court "shall permit an unrepresented defendant to proceed to trial by directing the defendant to file an answer in writing on a form which shall be available from the court clerk, and to serve a copy upon the plaintiff on the same day as first appearance." That provision, which addresses how a trial court shall permit an unrepresented party to proceed to trial, says nothing about *default*, let alone an automatic and self-executing default for a late answer. If the legislature had intended a judgment of restitution to result from the failure to file an answer on the day of the first appearance, it would have said so—as it did in subsection (1) of the statute. *See* ORS 105.137(1) ("If the plaintiff appears and the defendant fails to appear at the first appearance, a default judgment shall be entered in favor of the plaintiff for possession of the premises and costs and disbursements."). The legislature's explicit reference to default in ORS 105.137(1), coupled with its silence regarding default in ORS 105.137(7), is strong evidence that the latter subsection was not intended

to alter the ordinary rules applicable to default for failure to answer as set forth in ORCP 69. *OR-OSHA v. CBI Services, Inc.*, 356 Or 577, 596, 341 P3d 701 (2014) ("Ordinarily, such differences in phrasing are taken to signify differences in intended meaning.").

Indeed, we were well aware of ORS 105.137 when we decided *Hart*, and our decision recognizes that that statute addresses the subject of default only with regard to the failure to appear at the first appearance. In a footnote in *Hart*, we specifically pointed out ORS 105.137, stating, "ORS 105.137(1) provides for the entry of a default judgment if the defendant fails to appear at the first appearance. Because defendant appeared at the August 1 hearing when the case was set for trial, that statute is inapplicable to this case." 230 Or App at 616 n 4. Plaintiff has not persuaded us that we were mistaken in *Hart*, or that the existence of ORS 105.137 provides any basis upon which to meaningfully distinguish this case.[3]

Nor are we persuaded by plaintiff's reliance on Washington County's supplemental local rule or the court's order after the first appearance. Neither the rule nor the order suggests, as plaintiff contends, that the result of a late filing is an *automatic* default, regardless of whether an answer is filed before the plaintiff requests a default. SLR 18.010 explicitly refers to a plaintiff's "request" for a default as a predicate to the judgment of restitution; it states, "If they do not [file the answer by 5:00 p.m. on the day of the first appearance], *the Plaintiff may request,* and will be granted, in those respective actions, a Judgment of Restitution * * *, effective immediately." (Emphasis added.) We will not construe the local rule to relieve a plaintiff of the obligation to

---

[3] In arguing that ORS 105.137 alters the ordinary default process, plaintiff raises some of the same prudential concerns that we addressed in *Hart* concerning the application of ORCP 69 in light of the condensed timelines for FED cases. Specifically, plaintiff cites ORCP 69 B(2), which provides that, if a party seeks an order of default against a party that "has filed an appearance in the action, or has provided written notice of intent to file an appearance, then notice of the intent to apply for an order of default must be filed and served at least 10 days, unless shortened by the court, prior to applying for the order of default." In addition to what we expressed in *Hart*, we note that ORCP 69 B(2) authorizes the court to shorten the 10-day timeline that might otherwise apply when a party has provided notice of intent to file an appearance.

seek a default before an answer is filed, which would require us to insert words into the rule and would arguably cause the rule to conflict with the governing process set out in ORCP 69. *See J. G. v. N. D. G.*, 348 Or 525, 532-33, 236 P3d 709 (2010) (declining to read a supplementary local rule as an automatic dismissal provision, where such a reading would require the court to insert words into the rule and where the text of the rule did not provide adequate notice of that automatic consequence).

Likewise, we do not understand the court's order directing defendant to file her answer on the date of the first appearance, which merely restated the text of ORS 105.137, to say anything about default or to somehow relieve plaintiff of the obligation to seek a default under ORCP 69 before defendant filed her answer. The order does not serve to distinguish this case from the rule in *Hart*.

In sum, we conclude that, as in *Hart*, the trial court erred in entering a judgment of restitution on the basis of default when, in fact, defendant had filed an answer. Accordingly, we reverse and remand the restitution judgment.

We now turn briefly to defendant's second assignment of error, which concerns the issuance of the writ of execution that ousted defendant from the premises. Defendant now concedes that "restoring defendant to the premises is no longer practical. Defendant has made other living arrangements and presumably, plaintiff has relet." In light of the fact that defendant is no longer seeking physical possession of the premises, which is the only relief that she sought in *her motion to quash*, we conclude that any question regarding the writ of execution would have no practical effect on the parties.[4] Accordingly, we decline to reach the second assignment of error, which is moot.

---

[4] Although defendant argues that the court's ruling on the motion to quash could have some preclusive effective in a hypothetical future action for "unlawful ouster," we fail to see how that is the case. *See Cyrus v. Board of County Commissioners*, 226 Or App 1, 10-11, 202 P3d 274 (2009) ("Likewise, because this case became moot before the parties had an opportunity to conclusively litigate the merits of the waiver, the parties would not be precluded from again litigating its validity in a subsequent proceeding to establish CEC's rights under Measure 49, to the extent that the issue arises.").

Reversed and remanded.

---

We further note, by way of contrast, that defendant's first assignment of error—which, as discussed above, concerns the legal right to possession under the judgment of restitution—continues to present a live controversy, notwithstanding the fact that defendant no longer seeks *physical* possession of the premises. *See Greene v. Hren,* 224 Or App 223, 228-29, 197 P3d 1118 (2008) ("Physical possession and the right to possession are two distinct issues in an FED action. In this case, defendant's move out of the motel room resolved the issue of physical possession; that was not, however, a concession that plaintiffs had a right to possession. Whether the trial court correctly determined that plaintiffs were entitled to evict defendant and regain possession of the premises is precisely the issue that defendant raises on appeal. Accordingly, the dispute between the parties in this case is not moot." (Emphasis omitted.)). The judgment of restitution in this case, if not reversed, can be considered by prospective landlords and therefore continues to have a practical effect on defendant's ability to rent. *Cf.* ORS 90.303(1) ("When evaluating an applicant, a landlord may not consider an action to recover possession pursuant to ORS 105.105 to 105.168 if the action: (a) Was dismissed or resulted in a general judgment for the applicant before the applicant submits the application. * * * [or] (b) Resulted in a general judgment against the applicant that was entered five or more years before the applicant submits the application.").